CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 16 2014
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARK A. WILSON, | ) |
| | ) Civil Action No. 7:13CV00113 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) By:   Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Mark A. Wilson, was born on November 3, 1982, and eventually completed the eleventh grade in school. Mr. Wilson has worked as a retail store stocker, warehouseman, dishwasher, and auto detailer. He last worked on a regular and sustained basis in 2009. On January 26, 2010, plaintiff filed applications for disability insurance benefits and supplemental security income benefits. Mr. Wilson alleged that he became disabled for all forms of substantial gainful employment on October 31, 2009, due to a back injury, bruised tail bone, anxiety, and depression. Plaintiff maintains that he has remained disabled to the present time. As to his application for disability insurance benefits, the record

reveals that Mr. Wilson met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See generally 42 U.S.C. §§ 416(i) and 423(a).

Mr. Wilson's claims were denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated December 13, 2011, the Law Judge determined that plaintiff was entitled to a closed period of disability. The Law Judge ruled that, beginning on October 31, 2009, the date of alleged disability onset, and continuing through October 31, 2010, Mr. Wilson experienced severe impairments, including a history of polysubstance abuse; bipolar/depressive disorder; anxiety; degenerative joint disease of the left shoulder, status post surgery; right shoulder impingement; and degenerative disc disease of the lumbar spine. (TR 19). Based primarily on a shoulder injury which necessitated surgery in June of 2010, the Law Judge held that plaintiff was unable to work on a sustained basis at any point in time between October 31, 2009 through October 31, 2010. However, the Law Judge went on to find that, beginning November 1, 2010, plaintiff regained the capacity to perform light work activity on a regular and sustained basis. The Law Judge assessed plaintiff's residual functional capacity as of November 1, 2010, as follows:

> After careful consideration of the entire record, the undersigned finds that, beginning November 1, 2010, the claimant has had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), with the ability to sit for 2 hours out of 8, except that he requires no exposure to hazards or climbing of ladders, ropes or scaffolds; he is limited to no more than occasional overhead reaching or lifting with the arms fully extended in front of his body; and he is limited to simple, routine, repetitive unskilled tasks with no more than occasional interaction with the public, co-workers or supervisors.

(TR 27). Given such a residual functional capacity, and after considering Mr. Wilson's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge determined that, beginning November 1, 2010, plaintiff possessed sufficient functional capacity to engage in several

specific light work roles existing in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Mr. Wilson ceased to be disabled as of November 1, 2010 and that he is not entitled to continuing benefits under either federal program. See generally 20 C.F.R. §§ 404.1594(f)(8) and 416.994(b)(5)(vii). Mr. Wilson sought review of that portion of the Law Judge's opinion closing the period of disability. However, the Law Judge's opinion was ultimately adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Wilson has now appealed to this court.

While Mr. Wilson may remain disabled for certain forms of employment, the critical factual determination is whether plaintiff continued to be disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A). There are four elements of proof which must be considered in making such an analysis: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the administrative record, the court must conclude that there is "good cause" for remand of this case to the Commissioner for further development and consideration. It seems that Mr. Wilson injured his right shoulder in September of 2009, while trying to move a couch. The following month, he suffered additional musculoskeletal injuries in an automobile accident. Thereafter, plaintiff was treated for various musculoskeletal problems on multiple occasions. He was also found to be suffering from alcohol abuse and depression/anxiety. On June 30, 2010, Mr. Wilson underwent surgery of the left shoulder for posterior glenoid hypoplasia with recurrent posterior instability.

3

The Administrative Law Judge found that Mr. Wilson was disabled for his past relevant work at all relevant times, but that he retained sufficient functional capacity to perform light exertional activities. However, the Law Judge also determined that beginning on October 31, 2009, and extending through the period of recuperation for the left shoulder surgery, plaintiff was unable to work on a sustained basis. The Law Judge found that by November 1, 2010, Mr. Wilson's shoulder problems had stabilized, so as to render him capable of performing light work on a sustained basis. The Law Judge found that plaintiff's other physical and emotional problems were not so severe as to prevent performance of the light exertional activity for which he was otherwise physically capable. At the administrative hearing, the Law Judge posed a hypothetical question to a vocational expert in which he attempted to address the physical limitations caused by plaintiff's shoulder problems, as well as the limitations caused by plaintiff's depression and anxiety. In response, the vocational expert identified several specific light work roles in which Mr. Wilson could be expected to perform. After considering the vocational expert's testimony, the Law Judge concluded that plaintiff regained the capacity to perform substantial gainful employment as of November 1, 2010.

Contrary to the Law Judge's opinion, the later medical evidence reveals that Mr. Wilson continued to experience significant problems with both shoulders, especially the right. Following the surgery on his left shoulder, plaintiff continued to complain of pain, for which he sought regular treatment. Mr. Wilson received medical attention on multiple occasions in 2011 for pain in his shoulders, back, and knees. His treatment included steroid injections, as well as pain medication. At the time of the administrative hearing on November 10, 2011, Mr. Wilson testified that he continues to experience pain in both shoulders, both knees, and lower back with radiation into his legs. (TR 56). He related that while his left shoulder has been stabilized, he continues to experience problems with his

4

right shoulder, though he testified that he had not had right shoulder surgery as recommended by his treating source. (TR 56-57). He testified, however, that he expected to have right shoulder surgery after further diagnostic studies. (TR 57). Plaintiff stated that, because of his musculoskeletal problems, he often becomes very weak and finds it necessary to lie down during the day. (TR 59-60).

The court experiences some doubt as to whether the Law Judge's hypothetical question to the vocational expert properly captured all of the physical and emotional manifestations documented in the medical record. Stated differently, given the medical evidence developed after October 31, 2010, there is some question as to whether Mr. Wilson actually regained the physical capacity to engage in exertional activity on a regular and sustained basis. At the time of the administrative hearing, the vocational expert testified to the effect that, if Mr. Wilson is compelled to take unscheduled work breaks, as suggested both by the plaintiff and his treating physician, he would be unable to perform any work role existing in significant numbers in the national economy. (TR 66). Thus, the court questions whether there is substantial evidence to support the Law Judge's reliance on the testimony of the vocational expert in assessing plaintiff's capacity for alternate work roles.[1]

---

[1] At oral argument in this case, the court also questioned the Law Judge's findings as to the vocational impact of plaintiff's emotional problems. The court noted that during the early administrative proceedings, a state agency psychologist reported that plaintiff's affective disorders and anxiety related disorders result in moderate limitations in plaintiff's attention, concentration, persistence, pace, and capacity to complete a normal work day and work week without interruption. (TR 110-11). Noting that the Law Judge's hypothetical question to the vocational expert did not include limitations in concentration, attention, persistence, pace, and performance regularity, the court questioned whether the hypothetical included all of the limitations documented in the record. In response, the Commissioner maintains that the portion of the hypothetical limiting the plaintiff to simple, routine, repetitive, unskilled tasks, with only occasional interaction with other people, takes such limitations into account. The court is not convinced that, generally, moderate limitations in concentration, attention, pace, and performance regularity are subsumed under a general limitation to simple and repetitive, unskilled tasks. Indeed, it seems that problems with concentration and pace would be especially critical in terms of performance of routine and repetitive tasks. However, the court concludes that this issue has not been fairly raised in the instant case. The record reveals that the same state agency psychologist who noted moderate, nonexertional limitations also opined that Mr. Wilson could be expected to perform "repetitive, competitive unskilled, nonstressful tasks at SGA levels which do not necessitate contact with the public or excessive contact with co-workers." (TR 111). In the absence of contrary findings from treating mental health sources, the court believes that the Administrative Law Judge reasonably relied on this state agency psychological assessment in formulating the hypothetical question for the vocational expert.

5

In any event, the court finds a more compelling reason for remand of this case to the Commissioner for further administrative development. In connection with his request for review of the Administrative Law Judge's decision, Mr. Wilson submitted new medical evidence to the Social Security Administration's Appeals Council. According to plaintiff, the Appeals Council did not make the new evidence part of the administrative record and, instead, returned the new reports to the plaintiff. As an alternative remedy, Mr. Wilson seeks remand of his case to the Commissioner so that the new reports may be properly considered.

The new medical evidence reveals that Mr. Wilson has not enjoyed appreciable improvement with his right shoulder problems. Indeed, as forecast in some of the reports already of record, it became necessary for plaintiff to undergo right shoulder surgery on February 13, 2012, about two months after the date of the Administrative Law Judge's opinion. Thus, it appears that within a few weeks following the Law Judge's adjudication, Mr. Wilson's longstanding problems with his right shoulder necessitated a surgical procedure very similar to the left shoulder procedure, which the Law Judge previously held to have contributed to a closed period of disability.

In Borders v. Heckler, 777 F.2d 954 (4th Cir. 1985), the United States Court of Appeals for the Fourth Circuit summarized the standards under which a motion for remand must be considered as follows:

> A reviewing court may remand a Social Security case to the Secretary on the basis of newly discovered evidence if four prerequisites are met. The evidence must be "relevant to the determination of disability at the time the application was first filed and not merely cumulative." Mitchell v. Schweiker, 699 F.2d 185, 188 (4th Cir. 1983). It must be material to the extent that the Secretary's decision "might reasonably have been different" had the new evidence been before her. King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Sims v. Harris, 631 F.2d 26, 28 (4th Cir. 1980). There must be good cause for the claimant's failure to submit the evidence when the claim was before the

Secretary, 42 U.S.C. § 405(g), and the claimant must present to the remanding court "at least a general showing of the nature" of the new evidence. King, 599 F.2d at 599.

777 F.2d at 955.

In the instant case, the new medical evidence was received by the Appeals Council, and submitted to the court in connection with plaintiff's motion for summary judgment. Thus, there is no question as to the nature of the evidence. Moreover, there can be no concern as to any failure to submit the evidence while the claim was before the Commissioner. As noted above, it appears that plaintiff sent the new reports to the Appeals Council. Without question, the new evidence relates to physical problems, and related subjective symptomatology, which were addressed by the Law Judge in his opinion. Mr. Wilson has complained of right shoulder problems for many years, dating back to the time of his left shoulder surgery. The need for right shoulder surgery was recognized in several of the reports considered by the Administrative Law Judge. Thus, it is no answer to suggest that the new report is descriptive of some new medical condition which developed after the administrative adjudication in plaintiff's case.

As to the final element of the Borders inquiry, the court notes that the new evidence confirms that Mr. Wilson suffered from a definite medical condition which could be expected to cause pain and instability in the right shoulder, as alleged by plaintiff in his testimony before the Law Judge. The medical necessity for treatment and correction of the condition afflicting plaintiff's right shoulder, lends credence to the reports from plaintiff's treating physician regarding the debilitating effect of plaintiff's physical problems prior to the surgical procedure. As noted above, the Administrative Law Judge considered the impact of a similar procedure on the left shoulder in concluding that Mr. Wilson experienced a closed period of disability from October 31, 2009 through October 31, 2010. Thus, the

court concludes that consideration of the new evidence might well result in a different administrative disposition as to plaintiff's claim for a continuing period of disability. Upon consideration of the Borders factors, the court concludes that plaintiff has established "good cause" for remand of his case to the Commissioner for consideration of the new medical evidence.

For the reasons stated, the court finds "good cause" for remand of this case to the Commissioner for further development, including consideration of the new evidence submitted during the period between the issuance of the Administrative Law Judge's opinion and the adoption of such opinion as the final decision of the Commissioner by the Social Security Administration's Appeals Council. If the Commissioner is unable to decide this case in plaintiff's favor on the basis of the existing record as supplemented by the new medical evidence, the Commissioner will conduct a supplemental administrative hearing, at which both sides will be allowed to present additional evidence and argument. An appropriate order of remand will be entered this day.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.

DATED: This _16th_ day of May, 2014.

_____
Chief United States District Judge